**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BRAUSER REAL ESTATE, LLC, | : | Civil Action No. 06-cv-01816(SDW) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MEECORP CAPITAL MARKETS, LLC, | : | |
| MICHAEL EDREI AND DANIEL EDREI, | : | |
| | : | **OPINION** |
| Defendants, | : | |
| v. | : | |
| | : | |
| GERALD BRAUSER, | : | |
| | : | |
| Third Party | : | |
| Defendant. | : | |
| | : | September 12, 2008 |

**WIGENTON, District Judge**

Before the Court is Meecorp Capital Markets, LLC ("Meecorp"), Michael Edrei and Daniel

Edrei's (collectively "Defendants") motion for summary judgment ("Motion") pursuant to Federal

Rule of Civil Procedure 56(c).[1] Brauser Real Estate, LLC ("Brauser LLC" or "Plaintiff") and Gerald

Brauser's ("Brauser" or "Third Party Defendant") filed opposition to the Motion and made a cross-

motion for summary judgment ("Cross-Motion") requesting the following:  (1) dismissal of

Defendants' Motion and (2) reconsideration of this Court's prior decision ordering application of

---

[1] This document is docket entry #72.

1

New Jersey law.[2]  The Court decides this matter upon review of the record provided and the papers submitted by the parties without oral argument, pursuant to Federal Rules of Civil Procedure 78. For the reasons discussed below, the Court denies Defendants' Motion and denies Plaintiffs' Cross-Motion.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties have diversity of citizenship and the amount in controversy exceeds $75,000.[3]

**Procedural History**

In the Court's Opinion ("February Opinion"), dated February 4, 2008, the Court granted Defendants' Motion for summary judgment in part and denied Plaintiff's Cross-Motion for partial summary judgment in part.[4]  The Court ordered that Defendants were entitled to the remaining balance of the Commitment Fee.  Thereafter, Defendants filed their Motion seeking judgment against Brauser to hold him liable pursuant to the limited guarantee for payment of the remaining balance of the Commitment Fee.  Plaintiff then filed its Cross-Motion on March 17, 2008.

---

[2]  This document is docket entry #81.

[3]  In the Amended Complaint, Brauser LLC alleges that the amount in controversy is $225,000 with respect to their involvement in the Loan Commitment.

[4]  This Court held that the parties selected New Jersey law to govern all claims arising from the Loan Commitment and found that Defendants were entitled to the balance of the Commitment Fee in the amount of $400,000.

**Legal Standard**

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant and it is material if, under the substantive law, it would affect the outcome of the suit. *See id.* at 248. The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. *See Celotex v. Catrett*, 477 U.S. 317, 318 (1986).

Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts in question." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To survive a motion for summary judgment, a nonmovant must present more than a mere scintilla of evidence in his favor. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). The opposing party must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). At the summary judgment stage the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. *Curley v. Klem*, 298 F.3d 271, 277 (3d Cir. 2002). It is on this standard that the Court adjudicates the pending summary judgment motions.

**Discussion**

As this Court has already issued an opinion in this matter, the February Opinion, the Court will narrowly address the issues currently before this Court regarding Brauser and guarantee of the Loan Commitment. Further, as there are factual disputes, as set forth below the Court finds that summary judgment is not appropriate.

A. Ready, willing, and able to close

When there is a material breach of an agreement, "the non-breaching party is relieved of its obligations under the agreement." *Simonson v. Z Cranbury Assocs. P'ship,* 149 N.J. 536, 547 (1997). Plaintiff alleges that Defendants were not ready, willing, and able to close the loan because they did not hire counsel to prepare the loan documents and because the investors were not bound to advance the funds. (Pl.'s Br. at 10.) Defendants allege that they were ready, willing, and able to close the loans, but contend that Plaintiffs could not obtain the required collateral set forth in the Loan Commitment and could not obtain clear title from the seller. (Defs.' Br. at 20; *see also* Graziadei Dec., Ex. B; Michael Edrei ("M. Edrei") Second Aff. ¶¶ 9, 10.) The record fails to support a finding that Defendants did not have the ability to perform their obligations under the Loan Commitment. Rather, the record demonstrates that Defendants were ready to close, but were waiting for documentation from Plaintiff to complete their due diligence. (Defs.' Br. at 20; *see also* M.Edrei Second Aff, Ex. A.)

B. Defendants were not required to obtain a license under New Jersey law

In addition, Plaintiff alleges that Defendants are not entitled to the remaining balance of the

4

Commitment Fee as the loan never closed and they were not licensed under N. J. Stat. Ann. § 45: 15-3 as a real estate broker. (Pl.'s Br. at 12.)  Pursuant to N.J.Stat. Ann. § 45: 15-3, a broker is only entitled to a broker's fee if he/she is licensed as a real estate broker in N.J. N.J.Stat. Ann. § 45: 15-3 (West 2008).  N.J.Stat. Ann. § 45: 15-3 defines a real estate broker as

> "a person, firm, or corporation who, for a fee . . . lists for sale, sells, exchanges, buys or rents, or offers to negotiate a sale, exchange, purchase or rental of real estate . . . or offers to negotiate a loan secured or to be secured by mortgage or other encumbrance upon or transfer of any real estate for others."

*Id.*. Additionally, N.J. Stat. §17:11C-1, *et seq.* which governs the licensure of mortgage lenders and brokers in New Jersey only requires that a mortgage lender or broker possess a license in New Jersey if the individual or corporation made "loans secured by a first mortgage on real property on a one to six family dwelling . . ." N.J.Stat. § 17: 11C-1 (2008); *see also Wharton v. Howard S. Straub, Inc.,* 235 N.J.Super. 179, 185 (App. Div. 1989) (finding that defendant was a mortgage broker or lender and not a real estate broker as [he] "solicited investment funds with the purpose of funding mortgages which he took in his own name and which collections he received and remitted to his investors"). Therefore, as Defendant Meecorp is a commercial lender it is not required to be licensed as a mortgage lender or broker in New Jersey. (Defs.' Br. at 23.)  As Defendants were the lenders for a commercial transaction and lent monies directly to Plaintiff, they were not required to have the license in order to receive the balance of the Commitment Fee. (Defs.' Br. at 25.)  Further, Defendants were functioning in the capacity as a lender, rather than as a real estate broker. (Defs.' Br. at 24-25.)

C.  Defendants are entitled to the balance of the Commitment Fee

Moreover, Plaintiff cannot avoid paying the remaining balance of the Commitment Fee even though the loan never closed as the Commitment Fee was earned by Defendants as of the signing of the Loan Commitment. (Defs.' Br. at 19.)  Further, assuming *arguendo*, that Defendants' Commitment Fee was equivalent to a broker's commission fee, the broker would still be entitled to the commission fee if the loan did not close or if payment of the commission was expressly conditioned upon a closing, if one of the parties breached. *See  Abeles v. Adams Engineering Co.,* 64 N.J. Super. 167, 178 (App. Div. 1960). Specifically, Defendants allege that Plaintiff could not obtain the required collateral and would not be able to provide title free of encumbrances. (Defs.' Br. at 20-21.)  Therefore, this Court finds, as stated in the February Opinion, that Defendants are entitled to the balance of the Commitment Fee in the amount of $400,000.


D.  Whether the guaranty signed by Brauser is valid and enforceable is a triable issue of fact.

Plaintiff alleges the following: 1) the contract language regarding the guaranty is ambiguous and unenforceable; and 2) in the alternative, as Defendants required new collateral not listed in Schedule C to the Loan Commitment, Brauser, as guarantor, is discharged from his liability.  (Pl.'s Br. at 26-27.) Specifically, page 2 of the Loan Commitment indicates that Brauser is responsible for the balance of the Commitment Fee as to Parcel 2; however, on the signature page for the guarantors it appears Brauser is responsible for the balance of the Commitment Fee without reference to a specific parcel. (Pl.'s Br. at 27.) Further, Brauser signed as Managing Member of Outdoor Digital

6

for Parcel 1, not Parcel 2.[5]  In order to be entitled to a judgment on a guarantee, "a plaintiff must demonstrate the following:  1) execution of the guarantee by the guarantor; 2) the principal obligation and terms of the guarantee; 3) the lender's reliance on the guaranty in extending monies to the borrower; 4) default by the principal obligator; 5) written demand for payment on the guarantee; and 6); failure of the guarantor to pay upon written demand." *United States v. DelGuercia*, 818 F.Supp. 725, 727-28 (D.N.J. 1993).  The guarantee language may be ambiguous with respect to which parcel Brauser is liable, but the Loan Commitment does state that Brauser is liable for the balance of the Commitment Fee for Parcel 2.[6] *See Lyon Fin. Servs. v. TIDC-Irving, Inc.,* 392 F.Supp. 2d 698, 704-05 (E.D. Pa. 2005) (noting that summary judgment was not appropriate where there were issues of material fact on the plaintiff's liability and the precise amount of damages regarding an assignor's collection of payment from various loans, guarantees, and promissory notes.)  This Court must assess these related facts.

Additionally, Plaintiff alleges that Defendants required new collateral in the form of long-term leases from Coca Cola and the digital billboards to be constructed, which was not included in Schedule C of the Loan Commitment, and that this additional collateral materially changed and increased Brauser's liability.  (Pl.'s Br. at 18.)  In order to effect a discharge of liability for the

---

[5] Outdoor Digital, LLC (for Parcel 2) and Broward Travel Center, Inc. (for Parcel 1) are listed as the Borrowers on the Loan Commitment.  Brauser LLC was listed as the Borrower on the Letter of Interest, dated October 10, 2003, and the Revised Letter of Interest, dated October 31, 2003 (Daniel Edrei Aff., Ex. A and Ex. B.) However, this case was brought by Brauser LLC, as having standing and based on diversity.  *See Public Interest Research Group of N.J. v. Magnesium Elektron, Inc.*, 123 F.3d 111 (1997).  Though Defendants are owed the balance of the Commitment Fee, recovery as to these entities, as borrowers, would need to be addressed by Defendants.

[6] *See Lyon,* 392 F.Supp.2d at 703 (finding that if defendant wanted plaintiff to provide additional financing for new equipment as a condition for entering into the notes, this language should have been included in the contract. Defendants "cannot attempt to re-write the written terms of fully integrated documents several years after executing them.")

guarantor, an alteration of modification should injure the guarantor or actually increase the guarantor's risk or liability.  *Center 48 Ltd. Partnership v. May Department Stores Co.,* 355 N.J.Super 390 (App.Div. 2002).  Defendants allege that the collateral requirements of the Loan Commitment were not altered as the Plaintiff agreed to obtain this collateral in Schedule C. (Defs.' Br. at 8, 10.)  Further, Defendants contend that Plaintiff defaulted as they failed to do the following: 1) obtain letters of credit for Parcel 2; and 2) did not obtain title that was free and clear of encumbrances from the sellers as to Parcel 2. (Defs.' Br. at 9.)


**Conclusion**

As there appear to be genuine issues of material fact in dispute, specifically regarding Brauser's guarantee for the Loan Commitment, this matter is not appropriate for summary judgment at this time.  As such, Defendants motions for summary judgment will be denied.  To the extent that Plaintiff has not raised new genuine legal issues for reconsideration or establish that the Court overlooked any evidence or law, Plaintiff's Motion is also denied.


s/ Susan D. Wigenton, U.S.D.J.

cc: Madeline C. Arleo, U.S.M.J.